Shawn A. MUNZIE, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART, Defendant—
Appellee.

No. 04–16156.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2006.*

Filed March 3, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jean M. Turk, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HUG, ALARCÓN, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Shawn A. Munzie appeals the denial of his application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381–1385. Munzie contends that the Administrative Law Judge ("ALJ") failed to: (1) consider his symptoms in combination, (2) properly resolve conflicts between his treating physician's opinion and his examining physicians' opinions, and (3) properly weigh lay testimony. We review the district court's grant of summary judgment de novo, but review the ALJ's find-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ings of fact for substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir.2005). We affirm.

■ The ALJ discussed in detail his reasons for finding Munzie was not disabled under 20 C.F.R. § 404.1520(a)(4)(ii). Substantial evidence supports the ALJ's finding that Munzie had no severe impairment or combination of impairments.

■ As to his mental condition, Munzie submitted the opinion of his treating physician Dr. Sahba, a general practitioner, as evidence of disabling depression. Three examining physicians specializing in mental health submitted detailed clinical findings, but none of them offered a definitive diagnosis of mental impairment. Dr. Sahba's opinion lacked clinical findings, and her 2002 statement that Munzie had been totally disabled "for at least the last five years" conflicted with the evidence that she first saw Munzie for a 2001 prescription refill appointment. Accordingly, the ALJ did not err in rejecting Dr. Sahba's opinion and finding that "[t]he diagnostic impression included various possibilities such as a depressive disorder but nothing definitive." That finding was supported by "specific, legitimate reasons" based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989).

■ When evaluating a claimant's assertions of limitations, an ALJ may use ordinary credibility evaluation methods, including considering the claimant's reputation for truthfulness and any inconsistent testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir.2001). Munzie contends the ALJ improperly rejected his and other lay witness testimony. The ALJ did, however, credit Munzie's testimony

about his social functioning, medical treatment, and lack of depressive disorder. The ALJ was entitled to find Munzie's testimony, that he could satisfactorily perform daily activities, more credible than other conflicting lay witness testimony. The ALJ was also entitled to find Dr. Greenleaf's opinion, that Munzie's prognosis was fair with appropriate treatment, more credible than lay testimony regarding Munzie's mental limitations. We agree with the district court that the ALJ's findings are supported by substantial evidence and free of legal error.

**AFFIRMED.**